IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO.:   2:05-CR-122-T |
| | ) | |
| MATTHEW LEO KELLEY. | ) | |

## MOTION FOR RELIEF FROM PREJUDICIAL JOINDER

**COMES NOW** the defendant, Matthew Leo Kelley, pursuant to **Rule 14**, *F.R.Cr.P.*, and moves this Court to grant him relief from prejudicial joinder in this case as his right to a fair trial will be denied if he is forced to stand trial with the co-Defendant.

1. Matthew Leo Kelley was indicted by a Grand Jury of the Middle District along with Patricia Ann Cantaline, charged with possession with intent to distribute controlled substances, in violation of 21 U.S.C. 841(a)(1), on June 16, 2004. Co-Defendant Cantaline has offered a statement to law enforcement admitting guilt and implicating Defendant Kelley. Cantaline would be expected to testify against Kelley at trial in this matter.

2. Defendant Kelley and co-Defendant Cantaline have given independent statements to arresting officers tending to implicate one another for the drug quantities seized.

3. Defendant Kelley moves this Court to sever his trial from that of his co-Defendant Cantaline since he would suffer compelling prejudice if put to trial with a co-Defendant who will essentially testify as to her own guilt and, by implication, to Kelley's guilt as well.

4. Kelley would submit that his situation is just the one envisioned by Justice O'Conner in **Zafiro v. United States**, *506 U.S. 534, 113 S.Ct. 933 (1933)* where the Court wrote:

> For example, evidence of a co-Defendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a Defendant was guilty. When many Defendants are tried together in a complex case and they have markedly different degrees of culpability this risk of prejudice is heightened. P. 539.

Furthermore, the Court held:

> A District Court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right to one of the Defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-Defendant.

5. The Defendant in this matter was arrested incident to an alleged traffic violation and subsequent search while in the co-Defendant's rental vehicle. The contraband allegedly found was not the object of Government operation.

6. The Defendant recognizes that the general rule this Circuit is that "persons who are charged together should be tried together." United States v. Adams, *1F.3d 1566, 1578 (11th Cir. 1993)*. However, where "the joinder of offense or defendants in an indictment … for trial appears to prejudice a defendant … the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." ***F.R.Cr.P.* Rule 14(a)**.

7. The United States Court of Appeals for the Eleventh Circuit has additionally held:

> To compel severance, the defenses of co-defendants must be more than merely antagonistic, then "must be antagonistic to the point of

> being mutually exclusive." United States v. Knowles, *66 F.3d 1146, 1159 (11th Cir. 1995)*. A district court should grant a motion for severance only if (1) there exists a "serious risk that a joint trial would compromise a specific trial right of one of the defendants," *or* (2) a joint trial would "prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, *506 U.S. 534, 539, 113 S.Ct. 933, 938 (1993)*.
>
> **United States v. Garcia**, *405 F.3d 1260, 1272-73 (11th Cir. 2005)*.

8. In the instant case, the expected trial testimony of the co-Defendant and Defendant will undoubtedly be antagonistic. It is anticipated that the defendants' respective defenses shall be mutually exclusive, in that both Defendant and co-Defendant have made statements to law enforcement implicating the other's guilt and association as to the contraband seized. A joint trial in this case would clearly violate the alternative second caveat set forth in **Zafiro**, that a joint trial would "prevent the jury from making a reliable judgment about guilt or innocence," more particularly, in light of the absence of corroborating evidence as to each of the co-Defendant's respective trial testimony.

WHEREFORE, Defendant Matthew Leo Kelley requests this Court to grant this severance and allow him a fair trial without the prejudicial baggage that will attend any trial with the co-Defendant as things presently stand.

Respectfully submitted, on this the 8th day of August 2005.

/s/Richard K. Keith
**RICHARD K. KEITH**
**(KEIT3566)**
Attorney for Defendant Kelley
**KEITH & HAMM, P.C.**
235 South McDonough Street
Montgomery, AL  36104
PH 334.264.6776
FX 334.269.0262

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Kent Brunson, Esq.
Assistant U.S. Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Kevin Butler, Esq.
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104

/s/Richard K. Keith
**RICHARD K. KEITH**
**(KEIT3566)**
Attorney for Defendant Kelley